432 So.2d 1016 (1983)
STATE of Louisiana
v.
Joseph M. SUGGS.
No. 82-KA-0967.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
William Dupont, Plaquemine, for defendant and appellant Joseph M. Suggs.
Mr. T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for state of Louisiana.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Defendant, Joseph M. Suggs, was charged by separate bills of information with seven counts of criminal damage to property.[1] LSA-R.S. 14:56. Following a bench trial, defendant was found guilty on all counts. He was sentenced to serve 180 days in the parish jail on each charge, with 91 days on each charge suspended on the condition that Suggs make restitution for all property damage within fifteen days. These sentences were to run concurrently. Additionally, defendant was placed on supervised probation for two years. Defendant has appealed his convictions and sentences.
In brief, defendant argues four assignments of error. Since it is dispositive of *1017 this appeal, this court will address only one issuethe trial court's failure to advise defendant of his right to trial by jury and lack of defendant's waiver of that right. Counsel for defendant has not filed any formal assignments of error as required by LSA-C. Cr.P. art. 844. However, the jury trial issue will be considered since it is "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." LSA-C.Cr.P. art. 920.
As noted above, each charge against defendant was made in a separate bill of information. Arraignment on all counts was held on the same date, at which time they were apparently consolidated for trial. No formal consolidation was ever requested. See LSA-C.Cr.P. art. 706. It is clear, however, that consolidation did occur since the charges were tried together in a single proceeding.
Trial by jury was never mentioned. No request for trial by jury was made and the possibility thereof was not raised by the court or the prosecution.
When two or more charges are joined for trial, the right to trial by jury is determined by the aggregate punishment which may be imposed. If the total potential punishment exceeds six months imprisonment, an accused is entitled to a trial by jury. Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). LSA-Const. Art. I, sec. 17; State v. Williams, 404 So.2d 954 (La. 1981); State v. McCarroll, 337 So.2d 475 (La.1976).
The maximum possible imprisonment for the offense of criminal damage to property where the damage is less than $500.00 is six months. The total possible punishment for the seven counts with which defendant was charged was 420 months imprisonment. Since the total possible punishment exceeded six months imprisonment, Suggs was entitled to a trial by jury.[2]
A defendant who is entitled to a trial by jury may waive that right. However, that waiver must be knowingly and intelligently made. LSA-Const. Art. I, sec. 17; LSA-C.Cr.P. art. 780. Waiver of the right to trial by jury is never presumed. State v. Williams, supra; State v. McCarroll, supra. In State v. McCarroll, supra, the Louisiana Supreme Court stated:
"Although the right to a jury trial may be waived in a non-capital case, Art. I, § 17 requires that the waiver be `knowingly and intelligently' made. Therefore, we must indulge every reasonable presumption against waiver of this, [sic] fundamental right." 337 So.2d at 480.
Nothing in the record before us shows that Suggs knowingly and intelligently waived his right to trial by jury. There is no indication that he was ever informed by the court or by counsel of his right and no suggestion of waiver. Accordingly, the presumption against waiver of this right has not been rebutted.[3]
For the foregoing reasons, the convictions and sentences are reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[1] The charges stem from damage done to mailboxes one night in a rural section of West Baton Rouge Parish. Damage to each mailbox was less than $500.00.

Originally, there were eight bills of information filed against defendant. However, one bill was nolle prosequied by the assistant district attorney at the time of trial.
[2] Since Suggs was entitled to trial by jury, he is also entitled to an appeal of his convictions and sentences. LSA-Const. Art. V, sec. 10.
[3] The Louisiana Supreme Court, in State v. Williams, 404 So.2d 954 (La.1981), has made it clear that a waiver of the right to trial by jury does not occur when, as in the instant case, a defendant, represented by counsel, proceeds into a bench trial without objection.