451 So.2d 181 (1984)
STATE of Louisiana
v.
Sandra BISSETT.
No. 83 KA 1256.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*182 Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Robert Talley, Baton Rouge, William J. Guste, Jr., Atty. Gen., State of La., New Orleans, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Sandra Bissett, was charged by bill of information with one count each of disturbing the peace, resisting an officer, and simple battery. The instant charges were based on violations of LSA-R.S. 14:103, Subd. A(2), 14:108, and 14:35, respectively. Defendant was tried without a jury. The trial judge found defendant guilty as charged on counts I and II, and acquitted defendant on the charge of simple battery, count III. The court sentenced Ms. Bissett on each count adjudged guilty to confinement in parish prison for six months, to pay a fine of $50.00 and to pay all court costs. The court suspended execution of the sentence and placed the defendant on unsupervised probation for a period of six months with the condition that she neither be involved in any criminal activity nor convicted of any criminal offenses during the probationary period. Defendant has appealed alleging three assignments of error:
1. The court erred in denying defendant's request for a jury trial.
2. The court erred in restricting defense witness' testimony relative to the character of defendant.
3. The court erred by convicting defendant on counts I and II, as there was insufficient evidence to support the verdict.
On the night of September 5, 1982, defendant sought medical treatment at the emergency room facility of Lane Memorial Hospital. Frustrated at her inability to receive the medical attention she thought necessary, defendant created a disturbance in the emergency room waiting area by using loud, abusive, and profane language directed toward various doctors, nurses, and clerks then on duty. When the disturbance did not abate, a Zachary police officer on security assignment at the hospital was summoned to the scene by hospital personnel.
The police officer observed defendant's continuing course of conduct, identified himself to defendant, and ordered her to leave the facility. After two such requests, defendant, followed by the police officer, left the hospital building, continuing her tirade as she exited.
Defendant remained in her parked vehicle for several more minutes before the police officer again ordered defendant to leave the hospital grounds. In response, *183 defendant verbally threatened the officer, who thereafter advised defendant that she was being placed under arrest. Rather than submitting to the arrest, defendant raced her vehicle from the hospital parking area.
Counts I and II of the information derive from defendant's conduct at Lane Memorial Hospital. Count III is based on allegations of police officers who later brought defendant into custody and transported her for processing. Since defendant was acquitted on Count III, we need not concern ourselves with those events.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant assigns as error the court's failure to grant a motion for jury trial filed on her behalf five days prior to the assignment trial date.[1] Defendant argues that she never effectively waived her right to trial by jury.
The record reflects that counsel for the defendant appeared, on her behalf, and waived formal arraignment and entered a plea of not guilty in absentia. Defense counsel also waived trial by jury.[2] The trial court's ruling denying defendant's motion to reinstate a jury trial cited the waiver noted in the October 27, 1983, minute entry and the fact that the matter had been set for trial during a non-jury week.
Although the right to a jury trial may be waived in a non-capital case, Article I, § 17 of the Louisiana Constitution requires that the waiver be "knowingly and intelligently" made. Therefore, we must indulge every reasonable presumption against waiver of this fundamental right. State v. McCarroll, 337 So.2d 475, 480 (La.1976).
When a decision is made to opt for a judge trial rather than a jury trial, our courts have expressly rejected a rule which would require the trial judge to personally inform defendant of his right to trial by jury. State v. Kahey, 436 So.2d 475 (La. 1983) and State v. Muller, 351 So.2d 143 (La.1977).
In the instant case, the record is silent as to whether defendant knowingly and intelligently waived trial by jury. The minute entry of October 27, 1982, shows that defendant was not present in open court on the day of the arraignment when defense counsel put of record the waiver of trial by jury. However, when a defendant does not appear in open court at arraignment, some indication of record as to a manifestation of an effective waiver is required. Muller, supra.
Since defendant did not file a motion in arrest of judgment in accordance with La.C.Cr.P. art. 859(4), no evidentiary hearing with respect to this issue has been held.[3] Accordingly, we remand this case to the trial court for an evidentiary hearing on the question of whether or not defendant knowingly and intelligently waived her right to trial by jury.[4]
*184 ASSIGNMENT OF ERROR NUMBER 2:
Defendant contends that the trial judge erred in sustaining the State's objection to the following question propounded to defense witness, Pam Bergeron, during direct examination:
In your past experience with Ms. Bissett have you ever noticed that she has any proclivity to be violent at any time?
LSA R.S. 15:479 provides:
Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him.
In the instant case, the defense counsel attempted to elicit a specific and personal opinion from the defense witness concerning the defendant's proclivity toward violence. Such a question was not designed to elicit a response concerning general reputation. As such, it was properly excluded.
The record reveals that the defense witness was thereafter permitted to testify, in accordance with La.R.S. art. 15:480, that defendant had an excellent reputation with her neighbors for her ability to get along with other people. Hence defendant was successful in securing the desired character evidence.
Assignment of error number 2 accordingly lacks merit.
ASSIGNMENT OF ERROR NUMBER 3:
As her final assignment of error, defendant contends that the evidence presented was insufficient to support her conviction on the charges of disturbing the peace and resisting an officer.
Defendant's conviction cannot stand, unless viewing the evidence in the light most favorable to this prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. LSA C.Cr.P. art. 821(B). Applying this standard to the instant case, we conclude that the evidence is sufficient and supports the conviction on each count.
LSA-R.S. 14:103 provides in pertinent part:
A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty;
At defendant's trial, Deputy Chaisson testified that he personally observed the defendant in the emergency room and hallways of Lane Memorial Hospital screaming and cursing, in a boisterous and provocative manner, at hospital personnel and at an individual entering that facility. He further testified that defendant continued this course of conduct while in the parking lot of the hospital, directing abusive language and a threat of physical violence, toward Deputy Chaisson, himself.
In addition, the substance of defendant's tirade, which threatened vengeance against hospital personnel, was foreseeably disquieting and/or alarming to the public. State v. Heck, 307 So.2d 332 (La.1975).
LSA R.S. 14:108 provides in pertinent part:

*185 Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity, and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
Again, the evidence supporting conviction of this charge is founded on testimony of Deputy Chaisson.
Deputy Chaisson continued his testimony by saying that he informed the defendant, while both were in the hospital parking lot, that she was under arrest after her persistent conduct of harrassing people at the hospital. The deputy further testified that he was an officially uniformed, duly commissioned law enforcement officer at the time of his confrontation with defendant.
In view of our findings with respect to count I, we conclude that Deputy Chaisson had probable cause to arrest defendant for disturbing the peace. Defendant was, therefore, without any right to resist the arrest. State In Interest of Lewis, 386 So.2d 1079 (La.App. 3rd Cir.1980).
That defendant did in fact resist an officer is finally evidenced by her driving from the hospital parking lot before Deputy Chaisson could restrain her.
This assignment of error lacks merit.
We note, ex proprio motu, an error patent on the face of the record which requires that the sentence imposed on count I, LSA R.S. 14:103 subd. A(2) be annulled and set aside. The trial judge sentenced defendant thereon to six months imprisonment although the statutory maximum period of imprisonment is not more than ninety days.
While we affirm defendant's conviction, we vacate the sentence as to count I and remand for re-sentencing. We remand the case to the trial court for an evidentiary hearing on the question of whether or not defendant knowingly and intelligently waived her right to trial by jury. If defendant should receive an unfavorable ruling on that issue, we reserve to defendant her right to appeal her conviction once more to this court.
CONVICTION AFFIRMED, SENTENCE VACATED AS TO COUNT I AND CASE REMANDED.
NOTES
[1] That defendant had a right to trial by jury is not disputed. Where two or more charges are joined for trial the right to a jury must be determined by the total punishment which may be imposed in that case. State v. McCarroll, 337 So.2d 475, 480 (La.1976).
[2] Each charge brought against defendant was a misdemeanor and her presence was not necessary at arraignment. Plea of not guilty could be properly entered through her counsel. La.C. Cr.P. art. 833.
[3] Although post-trial motion in arrest of judgment was not filed, the issue was properly preserved for review on direct appeal. See, La.C. Cr.P. art. 920.
[4] Should an effective waiver be found, the issue of whether the court abused its discretion in denying the motion which sought reinstatement of a jury trial, would be addressed. Our code of criminal procedure is silent on the subject of a defendant's revocation of his jury trial waiver. The Official Revision Comments note that such matters are handled under the general authority of courts to regulate their business. La.C.Cr.P. art. 780, Official Revision Comment (d); State v. Cantanese, 385 So.2d 235, 237 (La.1980).

"In exercising his discretion ... the trial judge should balance the legitimate interests of the prosecutor and the court against the defendant's fundamental interest in the safeguard of a trial by jury." State v. Catanese, supra at 237. In the instant case, balancing the respective interests weighs heavily against granting a revocation of the jury waiver.
Defendant did not file her request until five days before trial; a ruling on the merits of the motion was not urged by defense counsel until the morning of the scheduled trial. Some seven months elapsed from the arraignment in October of 1982 until the trial in May of 1983; and the May 25, 1983, trial date was known by defendant as early as February of 1983. Further in reliance on the waiver, the matter was set for a non-jury week. The prosecution had assembled all of its witnesses for the scheduled date. Because of the foregoing factors, granting of the defendant's motion would have interfered with the orderly administration of the business of the court and would have resulted in unnecessary delay and inconvenience to the witnesses. See, State v. Catanese, supra, at 237. Additionally, we note that defendant failed to appear for the original trial scheduled in January of 1983. Accordingly, the court did not abuse its discretion in denying defendant's motion for reinstatement of a jury trial.