SAVOIE, Judge.
Defendant, Robert L. Jones, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. After a bench trial, defendant was found guilty as charged, and was subsequently sentenced to serve nine years at hard labor. Defendant has appealed his sentence, alleging that the trial court did not adequately comply with the sentencing guidelines of La. Code Crim.Pro. art. 894.1, and that the trial court imposed an excessive sentence.
This court has noticed, ex proprio motu, error patent on the face of the record which requires us to reverse this conviction and remand the matter for a new trial. Defendant was charged with a felony, and was thus entitled to a trial by jury. LSA-Const. Art. I, sec. 17 (1974). Although a defendant may waive this right, any waiver must be knowingly and intelli *1263 gently made. La.Code Crim.Pro. art. 780. Waiver of this right is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Suggs, 432 So.2d 1016 (La.App. 1st Cir.1983).
The minute entries herein do not reflect that defendant waived his right to a jury trial. Since waiver of this right cannot be presumed, the conviction rendered herein is unconstitutional, and defendant must be given a new trial in accordance with the opinions expressed herein.
REVERSED AND REMANDED.