496 So.2d 641 (1986)
STATE of Louisiana
v.
Michael G. VERDIN.
No. 86 KA 0054.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*642 John Walker, Asst. Dist. Atty., Houma, for State.
Jeffery Boudreaux, Houma, for Michael Verdin.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
Defendant, Michael G. Verdin, was charged by three separate affidavits with resisting arrest, in violation of La.R.S. 14:108; taking shrimp out of season, in violation of La.R.S. 56:497 B; and blocking the passage of shrimp, in violation of La. R.S. 56:329. Defendant was tried before a judge alone in Houma City Court and was convicted on each charge. He urges in four assignments of error that the evidence is not sufficient to sustain the convictions. Upon consideration of the record as a whole, we find that defendant did not waive his right to a jury trial and thus these convictions must be reversed. Therefore, we do not consider the assignments of error set forth.[1]
Defendant was convicted February 14, 1985. On June 17, 1985, he filed an application for a writ of review to this court, seeking reversal of these misdemeanor convictions. We refused to consider the merits of defendant's claims because of serious technical deficiencies in the application. At that time, however, we noted that defendant had been entitled to a trial by jury and the matter was appealable.
Defendant then took writs to the Louisiana Supreme Court. That court remanded defendant's application to us with instructions to consider this matter as an out of time appeal and to review his conviction. 474 So.2d 941.
The scope of appellate review includes those errors discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. art. 920. The failure of the court to obtain a waiver of defendant's right to a trial by jury is such an error patent. State v. Suggs, 432 So.2d 1016 (La.App. 1st Cir.1983).
The maximum imprisonment on the three charges is over six months. La.C. Cr.P. art. 493.1 limits imprisonment exposure on consolidated misdemeanors to six months, provided they are jointly charged. Although that statutory limitation was in effect on the date of these violations, it is *643 not applicable because the offenses were not jointly charged. See State v. Odell, 458 So.2d 1304, 1307, fn. 6 (La.1984). Therefore, relator was entitled to a trial by jury. La. Const. Art. 1, § 17.
A defendant who is entitled to a trial by jury may waive that right. However, the waiver must be made knowingly and intelligently. Waiver of the right to trial by jury is never presumed. Suggs, 432 So.2d 1016 see also State v. McCarroll, 337 So.2d 475 (La.1976).
The advice of rights form signed by defendant indicates defendant was generally informed of his right to a jury trial if the offenses were consolidated for trial and the combined maximum penalties exceeded six months in jail or fines of more than $500.00. The record does not reflect that defendant was specifically aware of his right to a trial by jury and that he knowingly and intelligently waived that right. For the foregoing reasons, his convictions for these offenses must be reversed and this matter remanded for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The record contains only the four assignments of error relating to the sufficiency of the evidence. Defendant briefed five arguments, including the failure of the trial court to advise him of his right to a jury trial. This court is generally precluded from review of errors briefed by a defendant which were not designated in the record. La.C.Cr.P. art. 920. Every criminal appellate record filed with this court is screened for patent error and any such error found is reviewed as further provided by Article 920.