525 So.2d 335 (1988)
STATE of Louisiana
v.
Weldon CAPPEL.
No. 87 KA 1299.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Bryan Bush, Dist. Atty. by Brenda Creswell, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellant.
M. Michele Fournet, Baton Rouge, Thomas K. Brocato, Alexandria, for defendant/appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Weldon Cappel[1] (defendant) was charged by bill of information with two counts of aggravated crime against nature, LSA-R.S. 14:89.1. He pled not guilty and waived his right to trial by jury. The trial judge found defendant guilty as charged on both counts. Defendant received two concurrent sentences of fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence, to be served at the East Baton Rouge Parish Community Rehabilitation Center. Defendant has appealed, alleging seventeen assignments of error. At this time, we will only consider assignments two and sixteen.
In assignment of error number two, defendant contends that the trial court erred in accepting a waiver of jury trial from defense counsel without informing him of his right to trial by jury and without ascertaining whether or not he was knowingly and intelligently waiving that right. In assignment of error number sixteen, defendant contends that the trial court erred in denying his motion for a new trial, which is also based on the jury trial waiver issue.
LSA-C.Cr.P. art. 780 provides:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive *336 trial by jury at any time prior to the commencement of trial.
C. The defendant may withdraw a Waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary inconvenience to witrnesses, or prejudice to the state.
The minutes of the arrignment proceedings held on October 24, 1986, do not mention the selection of a jury trial or a bench trial. However, on February 9, 1987, the following colloquy occurred:
MR. HYATT [Defense counsel]: She indicated the firsrt of April was the date she had aviable on that, Your Honor. We would also like to inform the Court at this time that we are formally moving to waive the jury traial on that matter.
THE COURT: All right. And Mr. Cappel is given notice for April 1. It's a waived jury and I want to block off that day. I don't want anything else set on that day.
MR. HYATT: Thank you very much, Your honor.
THE COURT: You want to show that on joint motion?
MR. HYATT: Yes, Your HOnor.
It is clear that trial court did not comply with the LSA-C.Cr.P. article 780 requirement that it inform defendant of his right to waive trial by jury. However, in State v. Sharp, 338 So.2d 654, 660 (La. 1976), the Louisiana Supreme Court held that when a defendant is not informed by the trial judge at arraignment of his option to waive his right to a jury trial, as required by Article 780, the defendant's conviction will not be reversed absent a showing of prejudice. See also State v. Muller, 351 So.2d 143, 146 (La.1977); State v. Buchanan, 439 So.2d 576, 585 (La.App. 1st Cir.1983)[2]
A defendant who is entitled to a trial by jury may waive that right. However, that waiver must be knowingly and intelligently made. State v. Suggs, 432 So.2d 1016 (La.App.1st Cir 1983). In State v. Kahey, 436 So.2d 475,486 (La.1983), the Louisiana Supreme Court stated:
[W]hen the defendet waives his right to a jury trial by opting for a judge trial, as opposed to when he waives all trial rights by pleading guilty, we have expressly rejected several times a rule which would require the trial judge to personally inform the defendant of his right to a jury tial. State v. Phillips, 365 So.2d 1304 (La.1978); State v. Muler, supra. And we have even approved a waiver made by a defense attorney in a defendant's presence in open court. State v. Phillips, supra.

In State v. Phillips, 365 So. 2d 1304 (La. 1978), cert. denied, 442 U.S. 919, 99 S. Ct. 2843, 61 L.Ed. 287 (1979), the trial judge asked the defendant to choose between a judge trial or a jury trial. The defendant's attorney, who was sitting next to the deefendant, responded that the defendant waived trial by jury and elected a bench trial. On appeal, Phillips argued that a jury trial could only be waved by a defendant personally. In rejecting this argument, the Louisiana Supreme Court stated:
We find no error in the determination of the trial judge here that the present defendant gave his informed consent to the waiver made in his presence by his attorney, especially in light of the facts that the judge had informed defendant not once, but twice, of his right to choose between a judge trial and a jury trial, and that the defendant was shown to have had prior experience as an accused in the trial of a criminal prosecution.
365 So.2d at 1309.
The facts here are easily distinguished from those in Phillips. Cappel has no *337 criminal record and, thus, no prior experience as an accused in the trial of a criminal prosecution. Furthermore, the trial judge did not inform him of the right to choose between a jury trial or a bench trial.
Although the trial judge conducted a hearing on defendant's motion for a new trial, no evidence was adduced. At the hearing, the trial judge stated that he specifically recalled discussing the jury trial waiver with defense counsel who stated that he had informed the defendant of his right to a jury trial and discussed the situation with defendant before defendant decided on a bench trial. Based on this offrecord discussion, the trial judge concluded that defendant's jury trial waiver had been knowingly and intelligently made and denied the motion for a new trial.
The waiver of a criminal defendant's right to trial by a jury is not presumed; there operates, in fact, a presumption against such a waiver which must be rebutted. State v. Verdin, 496 So.2d 641, 643 (La.App. 1st Cir.1986); State v. Suggs, 432 So.2d at 1017.
We conclude that the trial judge erred in failing to conduct an evidentiary hearing on this issue. Based upon the record presented, we cannot determine if defendant knowingly and intelligently waived his right to a jury trial. We believe the interests of justice require a remand to the trial court for an evidentiary hearing to determine whether or not defendant knowingly and intelligently waived his right to trial by jury herein. See State v. Bissett, 451 So.2d 181 (La.App. 1st Cir. 1984).[3]
If the evidence shows that defendant did not make a knowing and intelligent waiver, the trial court is instructed to set aside the verdict and sentence and grant a new trial. If the waiver was properly made, the appeal should be transferred back to us so we can review the remaining assignments of error. Defendant may, at that time, supplement his present assignments of error by assigning as additional error the ruling finding the waiver to be proper.
For the foregoing reasons, the case is remanded for further proceedings consistent with this opinion.
REMANDED.
NOTES
[1] The presentence investigation report indicates that defendant's full name is Weldon John Cappel, Jr.
[2] LSA-C.Cr.P.art. 859 provides:

The court shall arrest the judgement only on one or more of the following grounds:
. . . .
(4) The tribunal that tied the case did not conform with the requirements of Ariticles 779, 780 and 782 of this code;
. . . .
Therefore, the motion for arrest of judgment, rather than a motion for new trial, was the proper procedural vehicle in which to raise the jury trial waiver issue. Nevertheless, we have considered the merits of this argument. See State v. sharp, 338 So.2d 654, 660 (La.1976).
[3] At such hearing testimony by defendant and defense counsel would certainly be relevant, if not dispositive of the issue.