LOTTINGER, Judge.
John Gautreaux was charged by each of three separate bills of information with the simple battery of three different police officers, all in violation of La.R.S. 14:34.2. Following a bench trial, defendant was found guilty of committing a battery on Patrolman Toloudis and was acquitted of the other two charges. He was sentenced to a thirty day term of imprisonment in parish prison and ordered to pay a fine of two hundred and fifty dollars. In default of payment of the fine, defendant was ordered to serve an additional thirty days in jail.
Defendant appeals, urging three assignments of error. We have reviewed the record and find an error patent on the face of the record which pretermits our consideration of defendant’s assigned errors.
Defendant was separately billed with three misdemeanors, all in violation of La. R.S. 14:34.2. Under that statute, the offense carries a possible penalty of not more than five hundred dollars and not less than fifteen days nor more than six months in jail, without benefit of suspension of sentence. Prior to beginning trial on the merits, the state requested that the matters be jointly tried. In so doing, the prosecutor stated:
[W]e would move to try these matters jointly at this time. We understand that by doing this Mr. Gautreaux is subject to an enhanced penalty because the aggregate of the three would be in excess of six months. However we would waive any enhancement of the penalties and agree that if he is found Guilty of all three counts he would not be sentenced in excess of the maximum for one count.
When asked by the trial judge if he had any problem, defense counsel stated, “[w]e have no objection to the consolidation, subject to that understanding.” There was no further discussion about the matter, Jury trial was not mentioned.
When two or more charges are consolidated for trial, the right to trial by jury is determined by the aggregate punishment which may be imposed. If the total potential punishment exceeds six months imprisonment, an accused is entitled to a trial by jury. La. Const. Art. I, § 17; see also La.Code Crim.P. art. 779.
Although the district attorney has discretion in deciding how to charge offenses, and in plea bargaining in return for a specific sentence or sentencing range, he does not have the authority to alter the legislatively provided sentencing exposure for particular offenses. Since the three charges were brought by separate bills of information, La.Code Crim.P. art. 493.1 is not applicable to limit defendant’s sentencing exposure. See State v. Odell, 458 So.2d 1304, 1307 (La.1984).
A defendant who is entitled to a trial by jury may waive that right. However, the waiver must be made knowingly and intelligently. Waiver of the right to trial by jury is never presumed. State v. Williams, 404 So.2d 954, 956 (La.1981); State v. Suggs, 432 So.2d 1016, 1017 (La.App. 1st Cir.1983).
Nothing in the record before us shows that the defendant knowingly and intelligently waived his right to a jury trial. There is no indication that he was ever informed by the trial court or by counsel of his right to a jury trial, nor is there any suggestion of such a waiver. Therefore, the presumption against waiver of this right has not been rebutted. State v. Williams, supra; State v. Suggs, supra.
For the foregoing reasons, defendant’s conviction and sentence are reversed. This case is remanded for a new trial.[1]
REVERSED AND REMANDED.

. The other two charges of simple battery of a police officer can not be retried since defendant *326 was acquitted on those charges. If defendant is retried on the charge of simple battery of police officer Todd Toloudis, the charge is properly triable by judge alone.