STATE OF LOUISIANA
v.
SHARON BARNES OLDEN
2008 KA 1695.
Court of Appeals of Louisiana, First Circuit
February 13, 2009.
Not Designated for Publication.
Hon. DOUG MOREAU, District Attorney, TERRI R. LACEY, HARRELL "BUTCH" WILSON, JAMES "DAVID" CALDWELL, Ass't. Attorney Generals Baton Rouge, LA, Counsel for Appellee State of Louisiana,
KATHERINE M. FRANKS, Abita Springs, LA, Counsel for Appellant, Sharon Barnes Olden.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
The defendant, Sharon Barnes Olden, was charged by grand jury indictment with one count of theft over $500.00 by fraudulent conduct and five counts of filing or maintaining false public records, violations of La. R.S. 14:67B(1) and La. R.S. 14:133.[1] The defendant pled not guilty. After a bench trial, the defendant was found guilty as charged. As to each count, the defendant was sentenced to three years imprisonment at hard labor, to be served concurrently. The trial court suspended execution of the sentences. The trial court imposed three years of active, supervised probation with general and special conditions, including payment of a two-thousand-dollar fine on each count, payment of court costs and fees, and six months of home incarceration. The defendant now appeals, raising seven assignments of error, summarized as follows:
1 . The record does not reflect a valid waiver of the right to a jury trial prior to the commencement of trial.
2. The minutes and commitment order incorrectly state that the defendant is required to pay the fines to the Judicial Expense Fund. Alternatively, the assignment of funds to the Judicial Expense Fund is a due process violation and an impropriety that warrants setting aside the convictions.
3. The "Conditions of Probation" form appearing in the record reflects that additional conditions of probation were "imposed" by the Probation Department in error and should be set aside.
4. The sentences are constitutionally excessive.
5. The denial of surrebuttal testimony was error where the primary purpose of the rebuttal testimony was not to impeach the defense case, but rather to offer alternative proof of an element of the offense not established during the prosecution's case-in-chief.
6. The trial judge erred in failing to grant a motion for acquittal.
7. The guilty verdicts should be set aside because the defendant's due process rights were violated when the defendant was adjudicated guilty of theft in excess of five hundred dollars and five counts of filing or maintaining false public records.
We pretermit discussion of the assignments of error numbers two, three, four, five, six, and seven and remand for an evidentiary hearing on the question raised in assignment of error one, of whether the defendant waived her right to a jury trial. The crucial procedural issue raised in the first assignment of error must be addressed before we reach the merits of the other assigned errors. Therefore, this court will address only the issue of the apparent lack of the defendant's waiver of the right to a trial by jury.
Louisiana Code of Criminal Procedure article 780 provides, in pertinent part:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
Thus, if a defendant is tried and convicted by a judge when he is clearly entitled to a trial by jury, the record must show that a jury trial was knowingly and intelligently waived. The waiver of a criminal defendant's right to trial by a jury is not presumed; there operates, in fact, a presumption against such a waiver that must be rebutted. State v. Cappel, 525 So.2d 335, 337 (La. App. 1 Cir. 1988); State v. Verdin, 496 So.2d 641, 643 (La. App. 1 Cir. 1986); State v. Suggs, 432 So.2d 1016, 1017 (La. App. 1 Cir. 1983).
The punishment for filing or maintaining false public records and for theft (when the misappropriation or taking amounts to a value of five hundred dollars or more) may be confinement at hard labor. La. R.S. 14:133C; La. R.S. 14:67B(1). The defendant in this case was entitled to a jury trial comprised of six jurors, all of whom must concur to render a verdict. La. Const, art. I, § 17(A); La. Code Crim. P. art. 782A.
In the first assignment of error, the defendant concludes that since the record contains no affirmative proof of a waiver, a remand for an evidentiary hearing on whether the defendant waived her right to a jury trial and was advised that she could decide differently from her co-defendant is necessary. The defendant asserts that while the minutes reflect that the right to a jury trial was waived, the transcript fails to reflect any written waiver.
Here, the minutes do not adequately reflect that the defendant waived her right to a jury trial. The bench trial minute entry merely labels the trial a "Waived Jury Trial." The record herein, as it now stands, does not show that the defendant executed a jury trial waiver. However, the defendant was represented by counsel at trial, and the record does not contain any defense objection regarding the defendant being tried by a judge and not by a jury.[2]
In her brief, the defendant asks for a remand of this matter for an evidentiary hearing. Under the present circumstances, where the defendant had competent counsel and, without objection, was tried by a judge, we believe that the interests of justice are better served by a remand instead of reversal. State v. James, 94-720 (La. App. 5 Cir. 5/30/95), 656 So.2d 746, 746-47; see State v. James, 99-1047 (La. App. 5 Cir. 1/25/00), 751 So.2d 419, 420, 422-23; see also Cappel, 525 So.2d at 337. Accordingly, we remand this case for the trial judge to conduct an evidentiary hearing within thirty days to determine whether the defendant knowingly and intelligently waived her right to a jury trial. If the evidence shows the defendant did not execute such a waiver, the trial judge is instructed to set aside the convictions and sentences and grant a new trial. We note that double jeopardy does not preclude the State from retrying a defendant whose conviction is set aside because of judicial error. State v. Mayeux, 498 So.2d 701, 705 (La. 1986). The trial court shall supplement the appeal record with the minutes and transcript of the evidentiary hearing, which shall be filed with this Court within ten days after the hearing so that the defendant's appeal can continue to final disposition.

DECREE
For the foregoing reasons, we remand this matter for an evidentiary hearing in accordance with this opinion.
REMANDED FOR EVIDENTIARY HEARING
NOTES
[1] The defendant was originally charged with several other counts that were dismissed. The deceased co-defendant, Joseph Recile, also appealed to this court, but he died after the ease was remanded for an evidentiary hearing to determine whether there was a jury trial waiver.
[2] While the following do not constitute jury trial waivers, the defense appeared to acknowledge a waiver on at least two occasions daring the course of the proceeding. During the hearing on the motion to continue, the court: asked, "Well, this is a waived jury trial, right?'" Defense counsel not defendant] replied, "Yes, Sir." Also, just before trial, defense counsel asked the court if the defendants could sit in the jury box "based on the fact it's not a jury trial."