751 So.2d 419 (2000)
STATE of Louisiana
v.
Rickey JAMES.
No. 99-KA-1047.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
*420 Christopher B. Edwards, Gretna, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, David Wolff, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
DALEY, Judge.
Defendant, Rickey James, was found guilty of three counts of first degree robbery, violations of LSA-R.S. 14:64.1, after a bench trial. On original appeal, this court found that the trial record did not contain an affirmative waiver by the defendant of his right to trial by jury.[1] This court remanded to the trial court for an evidentiary hearing to establish whether defendant in fact made the waiver. An evidentiary hearing was conducted on January 27, 1999 and March 24, 1999. From the evidence presented at the hearing, the trial court concluded that James knowingly and intelligently waived his right to a jury trial. Defendant appeals that ruling.
On appeal, James argues that the evidence adduced at the hearing does not prove he made a knowing and intelligent waiver of his right to trial by jury. We agree, and reverse his conviction, and remand for a new trial.

Analysis
LSA-C.Cr.P. art. 780 requires that the defendant be advised of his right to a jury trial, and further provides that a defendant, once he has been so informed, may waive the right. Waiver of the right to a jury trial is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Jackson, 95-423 (La.App. 5 Cir. 11/15/95), 665 So.2d 467.
As this court stated on original appeal:
This Court has authority under State v. Williams, 404 So.2d 954 (La.1981), and other cases to reverse the convictions and remand for a new trial. This Court also has authority, under State v. Cappel, 525 So.2d 335 (La.App. 1 Cir.1988), writ denied at 531 So.2d 468 (La.1988), and other cases to remand for an evidentiary hearing regarding the jury waiver. Under the present circumstances, wherein James had competent counsel and was tried without objection by a judge, we believe that the interests of justice are better served by a remand instead of reversals.
If the evidence shows that relator did not make a valid waiver of his right to a jury trial, we must set aside his conviction and sentence and remand for a new trial. State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963.
On remand, the State concedes that the original appellate record is devoid of a waiver by the defendant of his right to trial by jury. At the evidentiary hearing, the State introduced the transcript of the defendant's arraignment, wherein the trial judge (not the one who presided at the bench trial) advised the defendant of his right to a trial by jury and his right to waive a jury trial. This transcript does not contain a response by the defendant to *421 the judge's recitation of his rights. The State also called Walter Amstutz, defendant's former counsel who now works for the District Attorney's Office as a prosecutor, to testify regarding his representation of defendant. James himself did not testify on remand.
On appeal, James argues that the arraignment transcript does not establish an affirmative, knowing waiver of his right to a jury trial. He argues that although the judge advised him of his right to a jury trial at his arraignment, he made no response or other indication, such as through counsel, that he understood and waived his right to a jury trial. He also argues that Amstutz's testimony at the evidentiary hearing presents a conflict of interest, since Amstutz represented him at the arraignment through the Indigent Defender Board but now works for the Jefferson Parish District Attorney's Office, the body who is prosecuting him.
Waiver of trial by jury need not be made in the same colloquial manner as a guilty plea. As the Supreme Court said in State v. Kahey, 436 So.2d 475, 486 (La. 1983):
[W]hen the defendant waives his right to a jury trial by opting for a judge trial, as opposed to when he waives all trial rights by pleading guilty, we have expressly rejected several times a rule which would require the trial judge to personally inform the defendant of his right to a jury trial. State v. Phillips, 365 So.2d 1304 (La.1978); State v. Muller, 351 So.2d 143 (La.1977). And we have even approved a waiver made by a defense attorney in a defendant's presence in open court. State v. Phillips, supra.
This court, in State v. Houston, 94-592 (La.App. 5 Cir. 12/14/94), 648 So.2d 948, 950, found that defendant knowingly and intelligently waived her right to a jury trial where she was informed at the arraignment of her right to trial by jury, and on the morning of trial, her attorney, in her presence, stated that trial by jury was being waived. Defendant made no objection to her attorney's waiver, and the trial transcript revealed that the defendant was aware and alert, and able to make appropriate answers to her attorney's questions, thus demonstrating her understanding of the proceedings. See also State v. King, 602 So.2d 121, 123 (La.App. 4 Cir.1992), writ denied, 608 So.2d 192 (La.1992).
The arraignment transcript in this case does not contain a waiver, either by the defendant or through his counsel, and is reprinted below:
BY MR. GRACIANETTE:[2]
Your honor, 94-11, State of Louisiana versus Richey James.
BY MR. VASQUEZ:
I've spoken to him this morning, Your Honor.
BY THE COURT:
Well, we'll appoint the OIDB Board to represent the defendant, Mr. Vasquez, for arraignment purposes.
BY MR. VASQUEZ:
Just for the record, his name is misspelled. It should be R-I-C-K-Y.
BY MR. GRACIANETTE:
The State would ask permission to amend the Bill of Information to reflect the name of Ricky James, aka Richey James.
BY THE COURT:
Let the record so reflect that an amendment be made in the plea, in the amended bill, which is?
BY MR. VASQUEZ:
I'm sorry?
BY THE COURT:
Not guilty?
BY MR. VASQUEZ:
Yes.
BY THE COURT:

*422 Let the "not guilty" plea be recorded in the amended bill of information. The Court grants counsel 15 days for pleadings. The court advises defendant of his rights, under Article 780, on a charge of First Degree Robbery, is entitled to be tried by a twelve-member jury requiring ten votes for a verdict, or he may waive and be tried by the Court as the trier of fact. Trial date for Division P?
BY THE CLERK:
February 7th.

* * * * *
Following the above jurisprudence, this transcript is insufficient to show that James waived his right to a jury trial. Though the trial court informs defendant of that right, there is no response from the defendant or his counsel that he understood or waived that right. At no point during the arraignment or prior to trial does the defendant or his counsel waive the right to a jury trial on the record. Defense counsel testified that he presumed that defendant waived his right to a jury trial because he didn't have a jury trial. Waiver of constitutional rights are not presumed.
The insufficiency of the arraignment transcript highlights the importance of the next assignment of error. Defendant next argue that allowing his former counsel to testify at the evidentiary hearing was an impermissible conflict of interest because he now works for the District Attorney's office. Further, defendant argues that his former attorney's testimony violates attorney/client privilege, since James does not allege ineffective assistance of counsel.
This court, on original appeal, cited State v. Cappel, 525 So.2d 335 (La.App. 1 Cir.1988) as authority for remanding the case for an evidentiary hearing. The court in State v. Cappel specifically stated that, at such hearing, testimony by the defendant and his defense counsel would be relevant, if not dispositive, whether the defendant knowingly and intelligently waived his right to a jury trial. However, Cappel did not address the specific issue here, whether testimony by the attorney would waive the attorney-client privilege, or the conflict of interest presented by Mr. Amstutz's new employment.
Mr. Amstutz testified that he was a contract attorney with the Parish of Jefferson's Indigent Defender Board from approximately November, 1991, until sometime in 1997. He testified that his general procedure with all clients was to advise them of their rights, including their right to a jury trial and that they could waive that right. Amstutz testified that he remembered Mr. James, although he did not have access to his IDB files on this case. At this point there was an objection by defense counsel. In a side bar, the court stated that since the defendant raised the issue as to whether or not he was properly advised of his constitutional right to trial by jury, he had waived any attorney/client privilege with respect to that particular issue.
Mr. Amstutz testified that he always advised his clients of this right, and that it was his understanding that the defendant, not counsel, was the one who must make the decision to whether or not to waive trial by jury. He said that he was not singling out any of his former cases. He testified that if a bench trial took place, then the defendant must have waived trial by jury, and that the record spoke for itself.
As we stated above, a waiver of a jury trial is never presumed. The evidence adduced at the evidentiary hearing shows no affirmative waiver of this right by the defendant. His former defense counsel presumed that James must have waived his right to trial, since a bench trial took place, and said that the record "speaks for itself." But it is this presumption that the law does not allow. The evidence, at best, shows that Amstutz probably advised the defendant of his right to trial by jury. The evidence does not show that James *423 waived this right, either knowingly, intentionally, or otherwise. Therefore, James's conviction must be reversed, and the matter remanded for a new trial.
We do not find that Amstutz's testimony breached attorney/client privilege. The fact, by itself, that Amstutz testified, did not breach the attorney/client privilege. While he testified that he did recall a conversation with this defendant, Amstutz kept the scope of his testimony to his general practice in all of his cases, specifically saying that he was not singling out any one case. He did not testify to the substance of any specific conversation with the defendant.
Nor do we find that in this instance, Amstutz's act of testifying rose to the level of a conflict of interest. We are guided by the Rules of Professional Conduct. Though he now works for the District Attorney's office, there is no showing that Amstutz represents the District Attorney in James's case or has participated in the DA's case against James.
Accordingly, we reverse James's conviction, and remand for a new trial.
REVERSED; REMANDED FOR NEW TRIAL.
NOTES
[1] State v. James, 94-720 (La.App. 5 Cir. 5/30/95), 656 So.2d 746.
[2] The Assistant District Attorney.