971 So.2d 396 (2007)
STATE of Louisiana
v.
Isaac SINGLETON, III.
No. 07-KA-321.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
Molly L. Balfour, Assistant Attorney General, Louisiana Department of Justice, Baton Rouge, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
*397 Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
On April 6, 2004, defendant, Isaac Singleton, III, was found guilty of aggravated rape after a bench trial. On original appeal, this Court conditionally affirmed defendant's conviction and sentence and remanded the case to the trial court for an evidentiary hearing on the question of whether defendant validly waived his right to a jury trial. State v. Singleton, 05-622 (La.App. 5 Cir. 1/31/06), 922 So.2d 647, 654.
An evidentiary hearing was conducted on July 6, 2006, and the trial court concluded that defendant knowingly and intelligently waived his right to a jury trial. Defendant appeals that ruling. For the following reasons, we affirm.
FACTS
The facts of this case are found in this Court's opinion in defendant's first appeal, State v. Singleton, supra at 649-50. Because the facts of the offense are not at issue in this appeal, they need not be reiterated.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues the trial court erred in finding he validly waived his right to a jury trial because he had no understanding of his waiver and did not understand the benefit of a jury trial until after he was convicted. Further, he argues he never signed the motion waiving his rights[1] and the record does not contain a colloquy between the trial court and defendant regarding the waiver. He notes that there is no evidence in the record to show he validly waived his right to a jury, except for the recollections of the trial judge and his defense attorney.
The State responds that the testimonies made clear that defendant desired a bench trial. It argues that defendant's trial attorney discussed with defendant the merits of a bench trial versus a jury trial and that defendant did not object to the judge trial when trial commenced.
In the present case, on October 28, 2003, defense counsel filed a Motion to Waive Trial by Jury. In the motion, which was signed only by defense counsel, counsel asserted that he consulted with defendant and that defendant fully understood and wished to waive his right to a trial by jury. On the same date that the motion was filed, the trial judge granted the motion, allowing defendant to waive his right to trial by jury and to be tried by judge alone. There is no other mention of defendant's jury rights contained in the record.
On remand at the evidentiary hearing, defendant testified that he did not tell his attorney to submit a document waiving his right to a jury trial and that he did not sign any document to that effect. He testified that his counsel told him a bench trial would be best because he would get less time than he would with a jury trial. Specifically, defendant stated the following:
Well, when he explained it to me over the phone, and the way he told it to me, he said, if you go with a jury trial and the victim goes to boo-hooing and this and that and get the people to believe and the judge will believe her, you can getyou'll get lesser time if you go with a judge trial. He said I'll get 60 to 70 years. That's what he told me.
After the trial court asked about his opinion at that point, defendant responded, *398 "When he told me that, I said, well, I said, well, you the lawyer, you know what you're talking about. He said yes, and he hung up the phone. And that was it."
Defendant claimed he did not speak to his counsel thereafter. He admitted that he did not present objections at the bench trial and stated he did not raise his objection sooner because he did not understand. He explained to the judge that he found out after trial that it was better to have a jury trial because ten out of twelve people render a verdict instead of the one judge.
Nathan Folse, defendant's former trial attorney, testified at the hearing as well.[2] He testified that when defendant turned down the plea offer made by the State, they discussed in depth his choice between a bench trial or a trial by a jury of twelve. Mr. Folse testified that because of the sensitivity of the case involving defendant's minor niece, they discussed that it may be in defendant's best interest to be judged by the judge alone, rather than a twelve-person jury. He explained that prior to trial and during the case they had discussions of whether the case would be best heard by a judge instead of a jury. They discussed counsel's experience with juries in St. James Parish and their conviction rates, the nature of the case involving the alleged rape of a minor child and the involvement of defendant's family. Mr. Folse testified explicitly that he discussed this with defendant numerous times, with many discussions being in person. Mr. Folse testified that defendant was aware that he would file a Motion to Waive a Jury Trial and was in agreement. Mr. Folse stated that defendant never expressed reservations about having a bench trial and that he first became aware of defendant's objection to the bench trial when he received a call about being a witness in this matter. Mr. Folse could not recall why defendant's signature was not obtained on the motion.
Also at the hearing, the trial court asked Mr. Folse if prior to trial Mr. Folse had talked to the court about defendant wanting to waive his jury trial. Mr. Folse responded that there was a discussion at the bench that defendant wanted to waive his right to a trial by jury and the court tried to advise that he might want a jury trial. According to Mr. Folse, defendant was advised of what the trial court thought might be in his best interest, but defendant decided he wanted to waive his right to a jury trial and have a bench trial.
On remand, at the evidentiary hearing, the trial court stated the following:
Okay. Based on the testimony and based on the court's knowledge of this particular  the intricacies of this particular case, there's no doubt in this court's mind that this defendant did, in fact, waive his right to a jury trial. At no time did he express to this court that he wanted to have a jury trial.
As a matter of fact, the court remembers, and it's not on the record, but the court remembers this defendant specifically telling his counsel that he wanted to have a bench trial. And the court told his counsel that he should have a jury trial, or advised him he might want to have a jury trial, but he insisted on having a bench trial.
Therefore, based on this particular hearing, the court finds no merit whatsoever in the defendant's contention that he did not knowingly and intelligently waive his right to a jury trial, and let the record so reflect.
*399 Although the right to a jury trial may be waived in non-capital cases, the right must be "knowingly and intelligently" waived. LSA-C.Cr.P. art. 780(A); LSA-Const. Art. I, § 17(A). Waiver of this right is never presumed. State v. Goodwin, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 59 (citation omitted).
The preferred method for the district court to advise the defendant of the right to trial by jury is in open court before obtaining a waiver, however, such practice is not statutorily required; in addition, although preferred, it is not necessary for the defendant to waive the jury trial right personally. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 503, writ denied, 05-1450 (La.1/13/06), 920 So.2d 235 (citations omitted). Defense counsel may waive the defendant's right to a jury trial on his behalf as long as the defendant's decision to do so was made knowingly and intelligently. Id.
In the present case, a Motion to Waive Trial by Jury was filed by defense counsel. Although this Court, in defendant's first appeal, found the attorney-filed motion was insufficient to show a knowing and intelligent waiver, we find that the testimonies elicited at the evidentiary hearing show a valid waiver.
At the evidentiary hearing, defendant acknowledged at least one telephone conversation with defense counsel where his counsel explained the benefit of a bench trial rather than a jury trial. Defendant said that when his defense counsel told him this, defendant responded that he was the lawyer and knew what he was talking about. At the evidentiary hearing, however, defendant explained to the judge he found out after trial that it was better to have a jury trial because ten out of twelve people render a verdict instead of the one judge. It is noted that this Court has recognized that "nothing in the statutes or the jurisprudence requires the trial judge to inform a defendant of the details involving the number of jurors and the votes necessary for a conviction." State v. Goodwin, 06-439 (La.App. 5 Cir. 12/27/06), 948 So.2d 1125, 1127 (citation omitted).
Mr. Folse testified at the hearing that they had discussed in depth his choice between a bench trial and a jury trial on several occasions. Although Mr. Folse could not explain why defendant failed to sign the motion, he testified that defendant was fully aware that he would file a Motion to Waive a Jury Trial and was in agreement. Mr. Folse also recalled defendant deciding to waive his right to a jury trial after the trial court expressed what it thought might be in defendant's best interest.
In addition, although not on the record, the trial court recalled defendant specifically telling defense counsel that he wanted a bench trial.[3]
The evidence produced at the evidentiary hearing makes the present case distinguishable from other cases in which this Court has reversed convictions based on insufficient evidence of a valid jury trial waiver.
In State v. Lokey, 04-616 (La.App. 5 Cir. 11/30/04), 889 So.2d 1151, writ denied, 04-3195 (La.5/6/05), 901 So.2d 1093, on second appeal, defendant challenged the trial court's ruling that there was a valid jury trial waiver. This Court found the record did not show a valid jury waiver. In Lokey, the defense counsel testified at the evidentiary hearing that he spoke to the *400 defendant about the benefits of choosing a judge trial and that the defendant indicated he understood the advantages and chose a bench trial. In reversing the trial court's ruling, this Court found that the testimony at the evidentiary hearing was inadequate to show that the defense counsel sufficiently explained the defendant's rights regarding a jury trial. This Court noted that no discussion of the choice of a judge trial versus a jury trial was made on the record and that there was no evidence either at the trial or in the minutes to indicate the defendant waived his right to a jury either personally or through his attorney. This Court also noted that the defense counsel did not, at trial, refer to any conversation with the defendant on the issue, although the defense counsel had testified on remand that he had discussed the issue with the defendant.
The present case can be distinguished from Lokey. In the present case, there is evidence in the record of a waiver of defendant's right to a jury, through his attorney. The motion filed October 28, 2003 reflected that counsel consulted with defendant and that defendant fully understood and wished to waive his right to a trial by jury. See, State v. Singleton, 922 So.2d at 653.
In State v. Onstead, 05-410 (La.App. 5 Cir. 1/17/06), 922 So.2d 622, after remanding the case for an evidentiary hearing to determine whether defendant had knowingly and intelligently waived his right to a jury trial, this Court decided the evidence did not support the determination that the defendant's jury trial waiver was knowing and intelligent and, therefore, vacated the defendant's conviction and sentence and remanded the case for a new trial. At the evidentiary hearing, the defendant and the assistant district attorney, the prosecutor who tried the State's case against the defendant, were called as witnesses. This Court recognized that the defendant testified he did not understand the ramifications of waiving his right to a jury trial and that he did not recall discussing the matter with his attorney. This Court also recognized that the only other witness at the evidentiary hearing was the assistant district attorney, who was not in a position to know how much the defense counsel had explained to the defendant in advance of trial or how much the defendant understood with regard to the jury waiver.
The present case can be distinguished from Onstead. Mr. Folse testified in the present case and, as defense counsel, was in a position to know the length of the discussions regarding bench trials and jury trials that he had with defendant as well as defendant's understanding of his options.
The present case is also distinguishable from State v. James, 99-1047 (La.App. 5 Cir. 1/25/00), 751 So.2d 419. In James, following an evidentiary hearing on remand that found a valid jury trial waiver, this Court reversed the defendant's conviction, finding that the evidence failed to show the defendant waived his right.
In James, on remand, the State conceded that the original appellate record was devoid of a jury trial waiver and introduced the transcript of the defendant's arraignment where a trial judge advised the defendant of his right to waive a jury trial. This Court noted the transcript reflected that the trial court informed the defendant of the right, but that there was no response from the defendant or his counsel that he understood or waived that right. Also, at the evidentiary hearing, the defendant's former counsel testified regarding his representation of the defendant. The defense counsel testified that he presumed the defendant waived his right to a jury trial because he did not have a jury trial. This Court recognized the law does not allow such a presumption *401 and that although the defense counsel probably advised the defendant of his right to trial by jury, the evidence did not show the defendant waived the right.
Unlike James, the present case does not include presumptions, but involves testimony by defendant's former counsel who specifically remembered defendant and his discussions regarding bench trials, jury trials, and the waiver. Also, a waiver was filed by defense counsel. Accordingly, we affirm the trial court's ruling that found defendant validly waived his right to a jury trial.
AFFIRMED.
NOTES
[1] A Motion to Waive Trial by Jury was filed on October 28, 2003.
[2] Defendant waived his attorney/client privilege with Mr. Folse for purposes of this motion.
[3] However, it is noted that this Court previously concluded it could not consider the trial judge's comments as evidence in State v. Lokey, 04-616 (La.App. 5 Cir. 11/30/04), 889 So.2d 1151, 1154, writ denied, 04-3195 (La.5/6/05), 901 So.2d 1093.