PER CURIAM.
 

 1 pThe issue before the Court is whether information regarding the waiver of a right to a jury trial discussed between a defendant and his counsel is barred from disclosure under the attorney-client privilege. We find the trial court did not err in concluding the discussions between relator and his counsel were not protected by the attorney-client privilege because relator committed himself to a course of action that will require disclosure of otherwise privileged communication.
 

 The State of Louisiana billed relator with DWI fourth offense. During pre-trial proceedings, counsel advised the court that relator was waiving his right to a trial by jury, and relator subsequently was found guilty after a bench trial. Thereafter, he filed a motion to arrest judgment claiming the waiver of his right to a jury trial was not knowingly and intelligently made.
 
 See
 
 La.Code Crim. P. arts. 780 & 859(4).
 

 At the hearing on the motion to arrest judgment, relator objected when the state called his attorney to testify about the
 
 *1119
 
 decision that was made to waive the jury trial, claiming the communications were covered by the attorney-client privilege. The trial court ruled that the privilege would not apply to counsel’s testimony because there is an exception to the privilege if the testimony was offered to show that the defendant was in fact knowledgeable of his right to a trial by jury and knew the consequences of waiving that right. The court recessed the proceeding to allow the defendant the opportunity to seek review of that ruling.
 

 The right to trial by jury in felony and certain misdemeanor cases is protected by both the federal and state constitutions. U.S. Const, amend. VI; La. Const, art. I, §§ 16, 17;
 
 State v. Muller,
 
 351 So.2d 143 (La.1977). Article I, § 17 requires that any waiver be “knowingly and intelligently” made. Courts must indulge every reasonable presumption against waiver of this fundamental right.
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); La.Code Crim. P. art. 780.
 

 Louisiana Code of Criminal Procedure article 780(A) provides that at arraignment, a defendant shall be informed of his right to waive a trial by jury. While some Louisiana courts have noted the preferable practice to evidence a waiver is for the trial judge to require defendant to personally waive the right, either in writing or orally, the Louisiana Supreme Court has specifically refused to adopt an absolute rule that a jury waiver cannot be made by defendant’s attorney when defendant is considered to have understood his right and consented to such a |swaiver.
 
 State v. Phillips,
 
 365 So.2d 1304, 1308-09 (La.1978),
 
 cert denied,
 
 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).
 

 When the record does not clearly indicate a valid waiver of the right to a jury trial, the recent trend has not been to reverse but to remand the case to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained.
 
 See State v. Nanlal,
 
 97-0786 (La.9/26/97), 701 So.2d 963. In
 
 State v. Cappel,
 
 525 So.2d 335, 337 n. 3 (La.App. 1st Cir.),
 
 writ denied,
 
 531 So.2d 468 (La.1988), this Court noted that when the record is insufficient to determine whether the defendant knowingly and intelligently waived his right to a jury trial, the testimony by defendant and defense counsel at an evidentiary hearing would certainly be relevant, if not dispositive of the issue. We conclude that defense counsel’s testimony regarding the decision to waive the right to a jury trial is not barred by the attorney-client privilege because relator anticipatorily waived the privilege by alleging in his motion in arrest of judgment that his election of a bench trial was not knowingly and intelligently made.
 

 The Louisiana Supreme Court adopted the “anticipatory waiver theory” in
 
 Smith v. Kavanaugh, Pierson & Talley,
 
 513 So.2d 1138 (La.1987). Under the anticipatory waiver theory of the attorney-client privilege, the court must concern itself solely with whether the privilege holder has committed himself to a course of action that will require the disclosure of a privileged communication.
 

 In
 
 Smith,
 
 the plaintiff filed a legal malpractice action, and the Supreme Court was faced with the issue of whether the plaintiff had waived her attorney-client privilege regarding communications with her present attorney by pleading contra non-valentum or by testifying in her deposition about those communications. The Supreme Court determined that a waiver of the attorney-client privilege could occur under certain circumstances when certain pleadings are filed:
 

 Furthermore, by electing or committing himself to introduce his attorney-client communications at trial and thereby
 
 *1120
 
 waiving his privilege to such communications, a party creates a special unfairness to his adversary which qualifies as an extraordinary circumstance warranting a court order that his attorney submit to a deposition by his adversary as to these communications.
 

 513 So.2d at 1141. Because the plaintiff in
 
 Smith
 
 testified in her deposition that her current attorney had told her for the first time that the defendants had maladminis-tered her husband’s succession, the Court concluded the plaintiff had indicated an intention to use the disclosed communication with her attorney at the |4 trial of the exception of prescription to explain her failure to file suit within the prescriptive period. Under these circumstances, “her deposition testimony may constitute a pretrial partial disclosure of a privileged communication amounting to a waiver of her privilege as to relevant communications with her attorney on the same subject.” 513 So.2d at 1146.
 

 In the instant case, relator and his counsel presumably discussed the consequences of waiving a trial by jury, since counsel notified the court well before trial that the defendant intended to waive his right to a jury trial. That conversation contains evidence that the court can use to evaluate whether relator knowingly and intelligently waived his right to a jury trial. By claiming his waiver was invalid, relator has committed himself to a course of action that requires disclosure of conversations he had with counsel about the waiver issue; such disclosure is not barred by the attorney-client privilege.
 
 [2]
 

 Accordingly, this writ application is denied, and the matter is remanded for completion of the hearing on the motion to arrest judgment.
 

 [2]
 

 . To the extent the court in
 
 State v. James,
 
 99-1047 (La.App. 5th Cir. 1/25/00), 751 So.2d 419, implied that testimony by an attorney about the substance of a specific conversation he had with the defendant regarding the waiver of trial by jury would violate the attorney-client privilege, this Court declines to follow that approach.